RODGERS, Justice:
The appellant is a convict in the Mississippi State Penitentiary at Parchman, Sunflower County, Mississippi. At the March Term of the Circuit Court, he was ■indicted by the grand jury of Sunflower ■County, Mississippi, for the crime of escaping and breaking prison, at a time when he was temporarily assigned to a work detail in Panola County, Mississippi. The cir■cuit court appointed counsel for the defendant, and his attorney promptly filed a motion to quash the indictment upon the ■ground that the venue of the prosecution was in Panola County, Mississippi, where the alleged crime of escape was charged to have occurred. This motion was over-Tuled. The defendant was arraigned and pled not guilty. It was then stipulated "by attorneys for the State and defense that defendant was assigned to temporary work at the John W. Kyle State Park in Panola County, Mississippi, and that his alleged departure from custody of the penitentiary authorities occurred while he was in Panola County. The defendant obj ected to the evidence ■offered by the State, and at the conclusion ■of the evidence he moved the court for a directed verdict. This motion was overruled. Whereupon, defendant offered proof explaining why he left the work detail group in Panola County. He then requested a directed jury verdict in his favor. This motion was also overruled by the trial court.
The defendant has appealed to this Court, and has pointed out that Section 26 of the Mississippi Constitution (1890) requires that:
“In all criminal prosecutions the accused shall have a right * * * and, in all prosecutions by indictment or information, a speedy and public trial by an impartial jury of the county where the offense was committed * *
The Mississippi Legislature has fixed the local jurisdiction of all offenses in the court in the county where the crime is alleged to have been committed (unless otherwise provided). The pertinent part of Mississippi Code Annotated section 2419 (1956) is in the following language: “The local jurisdiction of all offenses, unless otherwise provided by law, shall be in the county where committed. •* * * ”
The State of Mississippi contends that the indictment in the instant case is an exception to the general rule, because, it is said, the authorities in Sunflower County had constructive custody and control of defendant in that county at the time when he escaped from the group of prisoners in Panola County.
The State cited several cases from other states to sustain this contention, but these authorities are largely governed by the statutes of these states.
We have concluded, from a study of this case that there is no valid reason why there should be an exception engrafted upon the venue law of this State which requires that defendant must be indicted and tried in the county where the crime is alleged to have been committed, unless the venue is changed as provided by law.
The judgment of the trial court will be reversed, the indictment quashed, and defendant relieved of the charge of escape in Sunflower County, without prejudice to the right of the State of Mississippi to proceed in the county where the crime was alleged to have been committed.
Reversed and indictment quashed.
GILLESPIE, P. J., and JONES, PATTERSON and INZER, JJ., concur.